# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **17TH** JUDICIAL DISTRICT<br>**KENT** JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | 24 - **08874** - CB |

| Court address | Court telephone no. |
|---|---|
| 180 OTTAWA AVE. NW GRAND RAPIDS, MI 49503 | (616) 632-5220 |

| Plaintiff's name, address, and telephone no. | | Defendant's name, address, and telephone no. |
|---|---|---|
| LAKE MICHIGAN CREDIT UNION | v | JP MORGAN CHASE BANK, N.A<br>C/O THE CORPORATION COMPANY<br>40600 ANN ARBOR RD EAST SUITE 201<br>PLYMOUTH, MI 48170<br>(734) 983-9042 |

| Plaintiff's attorney, bar no., address, and telephone no. |
|---|
| HOLZMAN LAW, PLLC.<br>CHARLES J. HOLZMAN (P35625)<br>MICHAEL V. KREMPA (P76494)<br>28366 FRANKLIN RD<br>SOUTHFIELD, MI 48034          (248) 355-2240 |

CURT A. BENSON

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☑ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer  pending.

Summons section completed by court clerk.

**SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>**SEP 0 9 2024** | Expiration date*<br>**DEC 0 9 2024** | Court clerk<br>**LISA POSTHUMUS LYONS** |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01  (3/23)  **SUMMONS**                    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons   (3/23)                                                    Case No. _____

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

## CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |
| *Appearances of Attorneys* | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                                    Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE KENT COUNTY CIRCUIT COURT**

LAKE MICHIGAN CREDIT UNION,

      Plaintiff,

Case No.   24-08874-CB

Hon. Curt A. Benson

-v-

JPMORGAN CHASE BANK, N.A.

      Defendant.

          /

**HOLZMAN LAW, PLLC**
CHARLES J. HOLZMAN (P35625)
MICHAEL V. KREMPA (P76494)
Attorneys for Plaintiff
28366 Franklin Rd.
Southfield, MI  48034
(248)352-4340
mkrempa@holzmanlaw.com

          /

## **APPEARANCE**

Please enter the appearance of Charles J. Holzman, of Holzman Law, PLLC, on behalf of Plaintiff

Lake Michigan Credit Union.

      Respectfully submitted,

Dated: September 16, 2024      **HOLZMAN LAW, PLLC**

      */s/Charles J. Holzman*
      Charles J. Holzman (P35625)
      Michael V. Krempa (P76494)
      Attorneys for Plaintiff
      28366 Franklin Rd.
      Southfield, MI  48034
      (248)352-4340

**STATE OF MICHIGAN**
**IN THE KENT COUNTY CIRCUIT COURT**

LAKE MICHIGAN CREDIT UNION,

      Plaintiff,

-v-

JPMORGAN CHASE BANK, N.A.

      Defendant.

Case No.   24-08874-CB

Hon. Curt A. Benson

_____/

**HOLZMAN LAW, PLLC**
CHARLES J. HOLZMAN (P35625)
MICHAEL V. KREMPA (P76494)
Attorneys for Plaintiff
28366 Franklin Rd.
Southfield, MI  48034
(248)352-4340
mkrempa@holzmanlaw.com

_____/

**APPEARANCE**

Please enter the appearance of Michael V. Krempa, of Holzman Law, PLLC, on behalf of Plaintiff

Lake Michigan Credit Union.

      Respectfully submitted,

Dated: September 16, 2024

      **HOLZMAN LAW, PLLC**

      */s/Michael V. Krempa*
      Charles J. Holzman (P35625)
      Michael V. Krempa (P76494)
      Attorneys for Plaintiff
      28366 Franklin Rd.
      Southfield, MI  48034
      (248)352-4340

# *NOTICE OF SELECTION:*
# *SPECIALIZED BUSINESS DOCKET*

- This case has been selected into the Specialized Business Docket, which is governed by Local Administrative Order 2018-03.

- You **MUST** immediately file an appearance in this case at www.accesskent.com/SBDFiling/.

- You **MUST** serve this notice along with the Summons and Complaint to all other named parties in this case.

- Beginning with your appearance and for **ALL** subsequent pleadings, you **MUST** use the e-filing portal for the Specialized Business Docket located at www.accesskent.com/SBDFiling/. For assistance with the e-filing system, call the Accesskent Help Desk at (616) 723-0043.

- **NO** pleadings will be accepted in paper form and **NO** Judge's Copies are required.

- **ALL** notices and copies of pleadings filed in this case will be received via the e-mail address you provide in your appearance.

STATE OF MICHIGAN
IN THE KENT COUNTY CIRCUIT COURT

LAKE MICHIGAN CREDIT UNION,

      Plaintiff,

-v-

JPMORGAN CHASE BANK, N.A.

      Defendant.

Case No.  2**0 8 8 7 4**CB

Hon.

**CURT A. BENSON**

_____/

**HOLZMAN LAW, PLLC**
CHARLES J. HOLZMAN (P35625)
MICHAEL V. KREMPA (P76494)
Attorneys for Plaintiff
28366 Franklin Rd.
Southfield, MI  48034
(248)352-4340
mkrempa@holzmanlaw.com

_____/

There is no other pending or resolved civil action arising out of one of the transactions or occurrences alleged in this complaint.

This case meets the statutory requirements to be assigned to the business court.

## COMPLAINT

NOW COMES Plaintiff, Lake Michigan Credit Union, by and through its attorneys, Holzman Law, PLLC, and for its Complaint, states as follows:

1.    Lake Michigan Credit Union ("Lake Michigan") is a Michigan state-chartered credit union with its principal offices located in Caledonia, Michigan.

2.    JPMorgan Chase Bank, N.A. ("Chase Bank") is a federally chartered banking association with its principal offices in Columbus, Ohio.

3.      Chase Bank has a place of business and conducts business within the Circuit, including, but not limited to, by maintaining branches in Kent County Michigan.

4.      This action involves presentment warranties under the Uniform Commercial Code that were made, and breached, by Chase Bank.

5.      The amount in controversy exceeds $25,000.00.

6.      Venue and jurisdiction and proper in this Court.

## BACKGROUND AND GENERAL ALLEGATIONS

7.      Plaintiff hereby incorporates the Paragraphs above as if fully restated herein.

8.      On August 3, 2023, a member of Lake Michigan wrote a check in the amount of $10,680.00 payable to a specified payee ("Check 1") and sent it to the specified payee.

9.      Thereafter, Check 1 was intercepted by parties unknown and did not reach the specified payee.

10.      Check 1 was subsequently altered to change the payee to "Christine Michelle Moreau" and the amount of the check to $2,640.90. A redacted copy of the altered check is attached hereto as **Exhibit A**.

11.      Check 1 was then cashed or negotiated at Chase Bank.

12.      Chase Bank thereafter presented Check 1 to Lake Michigan for payment.

13.      Lake Michigan, without knowledge that Check 1 had been intercepted and altered, paid Chase Bank $2,640.90.

14.      Lake Michigan later learned that Check 1 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

2

15.    Chase Bank rejected the warranty claim on the erroneous grounds that Check 1 was a "counterfeit" check, as opposed to an altered check.

16.    On October 31, 2023, a member of Lake Michigan wrote a check in the amount of $350.00 payable to a specified payee ("Check 2") and sent it to the specified payee.

17.    Thereafter, Check 2 was intercepted by parties unknown and did not reach the specified payee.

18.    Check 2 was subsequently altered to change the payee to "SherryLee W Charley" and the amount of the check to $490.57. A redacted copy of the altered check is attached hereto as **Exhibit B**.

19.    Check 2 was then cashed or negotiated at Chase Bank.

20.    Chase Bank thereafter presented Check 2 to Lake Michigan for payment.

21.    Lake Michigan, without knowledge that Check 2 had been intercepted and altered, paid Chase Bank $490.57.

22.    Lake Michigan later learned that Check 2 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

23.    Chase Bank rejected the warranty claim on the frivolous grounds that the alteration was less than $1,000.00.

24.    On December 6, 2023, a member of Lake Michigan wrote a check in the amount of $1,750.00 payable to a specified payee ("Check 3") and sent it to the specified payee.

25.    Thereafter, Check 3 was intercepted by parties unknown and did not reach the specified payee.

3

26.     Check 3 was subsequently altered to change the payee to "Jana Earney." A redacted copy of the altered check is attached hereto as **Exhibit C**.

27.     Check 3 was then cashed or negotiated at Chase Bank.

28.     Chase Bank thereafter presented Check 3 to Lake Michigan for payment.

29.     Lake Michigan, without knowledge that Check 3 had been intercepted and altered, paid Chase Bank $1,750.00.

30.     Lake Michigan later learned that Check 3 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

31.     Chase Bank rejected the warranty claim on the erroneous grounds that Check 3 was "counterfeit" as opposed to altered.

32.      On December 6, 2023, a member of Lake Michigan wrote a check in the amount of $1,200.00 payable to a specified payee ("Check 4") and sent it to the specified payee.

33.     Thereafter, Check 4 was intercepted by parties unknown and did not reach the specified payee.

34.     Check 4 was subsequently altered to change the payee to "Jana Earney." A redacted copy of the altered check is attached hereto as **Exhibit D**.

35.     Check 4 was then cashed or negotiated at Chase Bank.

36.     Chase Bank thereafter presented the check to Lake Michigan for payment.

37.     Lake Michigan, without knowledge that Check 4 had been intercepted and altered, paid Chase Bank $1,200.00.

38.     Lake Michigan later learned that Check 4 had been intercepted and altered and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

4

39.     Chase Bank rejected the warranty claim on the erroneous grounds that Check 4 was "counterfeit" as opposed to altered.

40.     On December 21, 2023, a member of Lake Michigan Credit Union wrote a check in the amount of $569.00 payable to a specified payee ("Check 5") and sent it to the specified payee.

41.     Thereafter, Check 5 was intercepted by parties unknown and did not reach the specified payee.

42.     Check 5 was subsequently altered to change the payee to "Posey Douglas" and the amount of the check to $1,750.00. A redacted copy of the altered check is attached hereto as **Exhibit E.**

43.     Check 5 was then cashed or negotiated at Chase Bank.

44.     Chase Bank thereafter presented the check to Lake Michigan for payment.

45.     Lake Michigan, without knowledge that Check 5 had been intercepted and altered, paid Chase Bank $1,750.00.

46.     Lake Michigan later learned that Check 5 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

47.     Chase Bank rejected the warranty claim on the erroneous grounds that Check 5 was "counterfeit" as opposed to altered.

48.     On April 4, 2024, a member of Lake Michigan Credit Union wrote a check in the amount of $5,020.00 payable to a specified payee ("Check 6") and sent it to the specified payee.

49.     Thereafter, Check 6 was intercepted by parties unknown and did not reach the specified payee.

50.    Check 6 was subsequently altered to the change the payee to "David Limount Noble Jr." A redacted copy of the altered check is attached hereto as **Exhibit F.**

51.    The check was then cashed or negotiated at Chase Bank.

52.    Chase Bank thereafter presented Check 6 to Lake Michigan for payment.

53.    Lake Michigan, without knowledge that Check 6 had been intercepted and altered, paid Chase Bank $5,020.00.

54.    Lake Michigan later learned that Check 6 had been intercepted altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

55.    Chase Bank rejected the warranty claim on the erroneous grounds that Check 6 was "counterfeit" as opposed to altered.

56.    On September 5, 2023, a member of Lake Michigan wrote a check in the amount of $175.66 payable to a specified payee ("Check 7") and sent it to the specified payee.

57.    Thereafter, Check 7 was intercepted by parties unknown and did not reach the specified payee.

58.    Check 7 was subsequently altered to change the payee to "Claudine Nikia Bethel" and the amount of the check to $29,407.37. A redacted copy of the altered check is attached hereto as **Exhibit G.**

59.    Check 7 was then cashed or negotiated at Chase Bank.

60.    Chase Bank thereafter presented Check 7 to Lake Michigan for payment.

61.    Lake Michigan, without knowledge that Check 7 had been intercepted and altered, paid Chase Bank $29,407.37.

62.    Lake Michigan later learned that Check 7 had been intercepted altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

6

63.     Chase Bank rejected the warranty claim on the erroneous grounds that Check 7 was "counterfeit" as opposed to altered.

64.     On May 19, 2023, a member of Lake Michigan wrote a check in the amount of $7,463.43 payable to a specified payee ("Check 8") and sent it to the specified payee.

65.     Thereafter, Check 8 was intercepted by parties unknown and did not reach the specified payee.

66.     Check 8 was subsequently altered to the change the payee to "Jaylen Abraham." A redacted copy of the altered check is attached hereto as **Exhibit H.**

67.     Check 8 was then cashed or negotiated at Chase Bank.

68.     Chase Bank thereafter presented Check 8 to Lake Michigan for payment.

69.     Lake Michigan, without knowledge that Check 8 had been intercepted and altered, paid Chase Bank $7,463.43.

70.     Lake Michigan later learned that Check 8 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

71.     Chase Bank rejected the warranty claim on the erroneous grounds that Check 8 was "counterfeit" as opposed to altered.

72.     On November 8, 2022, a member of Lake Michigan wrote a check in the amount of $17,800.00 payable to a specified payee ("Check 9") and sent it to the specified payee.

73.     Thereafter, Check 9 was intercepted by parties unknown and did not reach the specified payee.

7

74.    Check 9 was not endorsed by the payee and Chase Bank deposited Check 9 into an account of someone other than the specified payee. A copy of the redacted check is attached hereto as **Exhibit I**.

75.    Chase Bank thereafter presented Check 9 to Lake Michigan for payment.

76.    Lake Michigan, without knowledge of the improper endorsement or that Check 9 had been intercepted by parties unknown, paid Chase Bank $17,800.00.

77.    Lake Michigan later learned that Check 9 had been intercepted by parties unknown and was not properly endorsed and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

78.    Chase Bank rejected the warranty claim without providing a reason.

79.    On December 15, 2023, a member of Lake Michigan wrote a check in the amount of $5,759.23 payable to a specified payee ("Check 10") and sent it to the specified payee.

80.    Thereafter, Check 10 was intercepted by parties unknown and did not reach the specified payee.

81.    Check 10 was subsequently altered to change the payee to "Anna Santander-Arce" and the amount of $65,759.23. A redacted copy of the altered check is attached hereto as **Exhibit J**.

82.    Check 10 was then cashed or negotiated at Chase Bank.

83.    Chase Bank thereafter presented Check 10 to Lake Michigan for payment.

84.    Lake Michigan, without knowledge that the check had been intercepted and altered, paid Chase Bank $65,759.23.

8

85.    Lake Michigan later learned that Check 10 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

86.    Chase Bank rejected the warranty claim on the erroneous grounds that Check 10 was "counterfeit" as opposed to altered.

87.    On August 28, 2023, a member of Lake Michigan wrote a check in the amount of $38,286.00 payable to a specified payee ("Check 11") and sent it to the specified payee.

88.    Thereafter, Check 11 was intercepted by parties unknown and did not reach the specified payee.

89.    Check 11 was subsequently altered to the change the payee to "Ojinae Hopkins." A redacted copy of the altered check is attached hereto as **Exhibit K**.

90.    Check 11 was then cashed or negotiated at Chase Bank.

91.    Chase Bank thereafter presented Check 11 to Lake Michigan for payment.

92.    Lake Michigan, without knowledge that Check 11 had been intercepted and altered, paid Chase Bank $38,286.00.

93.    Lake Michigan later learned that Check 11 had been intercepted and altered by parties unknown and submitted a warranty claim to Chase Bank consistent with UCC §§3-417; 4-208.

94.    Chase Bank rejected the warranty claim on the erroneous grounds that Check 11 was "counterfeit" as opposed to altered.

95.    Prior to filing the instant action, Lake Michigan again made demand for payment from Chase Bank in the amount of Checks 1-11, but Chase Bank failed or refused to make payment.

9

## COUNT I
## BREACH OF PRESENTMENT WARRANTIES

96.     Lake Michigan hereby incorporates the Paragraphs above as if fully restated herein.

97.     Pursuant to its obligations under the Uniform Commercial Code, when Chase Bank presented the above-described checks to Lake Michigan for payment, Chase Bank warranted to Lake Michigan that the checks had not been altered and that Chase was entitled to enforce the checks to obtain payment. UCC §§3-417; 4-208.[1]

98.     Chase Bank breached this presentment warranty because the checks had been altered or were not properly endorsed or deposited into the account of the payee.

99.     Chase Bank is therefore liable to Lake Michigan Credit Union in the amount of $171,567.50, plus expenses and loss of interest resulting from the breach.

WHEREFORE, Lake Michigan respectfully requests that this Honorable Court grant it the following relief;

    A.  Enter Judgment in its favor in an amount equal to $171,567.50, plus expenses and loss of interest;

    B.  Award Lake Michigan is costs and attorneys' fees incurred in this action; and

    C.  Grant it any further relief this Court deems appropriate.


Dated:  September 3, 2024                    **HOLZMAN LAW, PLLC**

                                              */s/Michael V. Krempa*
                                              CHARLES J. HOLZMAN (P35625)
                                                MICHAEL V. KREMPA (P76494)
                                              Attorneys for Lake Michigan Credit Union

---

[1] The Uniform Commercial Code as adopted by the State of Ohio may apply to these claims. However, the pertinent provisions of the code are substantively the same under Ohio and Michigan law. See Ohio Rev Code Ann 1303.57; 1304.18 and MCL 440.3417; 440.4208.

10

# EXHIBIT A

Lake Michigan ▮▮▮▮▮



2909

9-25-23  Date

Pay to the
Order of ___ Christine Michelle moreau ___ | $ 2,640.90

Two thousand six hundred and fourty dollars ninety cents 00/100

LAKE MICHIGAN CREDIT UNION

For MemberShip ugust rant

For Deposit Only - JPMC

ORIGINAL

ENDORSE HERE
X
Christine Michelle Moreau.
For electronic deposit at chase only.

Electronic Endorsements:
▮▮▮▮▮  9/26/2023        BOFD 9/26/2023 $2,640.90
▮▮▮▮▮  9/26/2023

# EXHIBIT B

My FLEXFAST Application

Print Page



For Deposit Only - JPMC

FOR MOBILE DEPOSIT ONLY

3/5/2024

# EXHIBIT C

- My ASP.NET Application



**LMCU**

Print Page



LAKE MICHIGAN CREDIT UNION                    0360

12/8/2023

PAY TO THE
ORDER OF   Jana Barney                                    $ *1,750.00

One Thousand Seven Hundred Fifty and 00/100**************************************** DOLLARS

Jana Barney
13394 240th Street
Blanchard, OK 73010



For Deposit Only - JPMC

COLOR INSIDE THIS
LOCK AREA

SHOULD BE WHITE

ATTENTION

# EXHIBIT D

 

**Electronic Endorsements:**

12/18/2023
12/19/2023     BOFD 12/19/2023 $1,200.00

# EXHIBIT E





# EXHIBIT F

- My ASP.NET Application

Print Page



# EXHIBIT G

- My ASP.NET Application                                                      Page 1 of 1

Print Page



LAKE MICHIGAN CREDIT UNION        50097
P.O. BOX 2848
GRAND RAPIDS, MI 49501-2848
(616) 242-9790 WWW.LMCU.ORG

9/6/2023

PAY TO THE
ORDER OF   Claudine Nikia Bethel              $ **29,407.37

Twenty-Nine Thousand Four Hundred Seven and 37/100************************************************   DOLLARS

Claudine Nikia Bethel
220 NW 13th St Apt 205
Miami, FL 33136

# EXHIBIT H



Electronic Endorsements:
▌▌▌▌▌ 5/23/2023 ▌▌▌▌ BOFD 5/24/2023 $7,463.43
5/24/2023

# EXHIBIT I



# EXHIBIT J





LAKE MICHIGAN CREDIT UNION
7820 Summerlin Lakes Drive
Fort Myers, FL 33907

13066

12/15/2023

PAY TO THE
ORDER OF:   Anna Santander-Arce

$ **65,759.23

Sixty Five Thousand Seven Hundred Fifty-Nine and 23/100************************************************** DOLLARS

Anna Santander-Arce
647 W Presnell Street Apt 1A
Asheboro, NC 27203

MEMO

THE BACK OF THIS DOCUMENT CONTAINS CHECK SECURITY WATERMARK AND COIN REACTIVE INK

**Amount: $-65,759.23**
**Statement Description:** Draft 13066 Tracer ▇▇▇▇▇▇
**Check Number:** 13066
**Posted Date:** 12/22/2023
**Type:** Debit
**Status:** Posted

# EXHIBIT K

Lake Michigan



Electronic Endorsements:
8/31/2023         BOFD 9/1/2023 $38,286.00
9/1/2023

| STATE OF MICHIGAN JUDICIAL DISTRICT | | DEFAULT | CASE NUMBER and JUDGE |
|---|---|---|---|
| 17TH | JUDICIAL CIRCUIT | REQUEST AND ENTRY | 24-08874-CB |
| | | | HON. CURT A. BENSON |

Court address
180 OTTAWA AVE. NW GRAND RAPIDS, MI 49503

Court telephone number
(616) 632-5220

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| LAKE MICHIGAN CREDIT UNION | v | JP MORGAN CHASE BANK, N.A C/O THE CORPORATION COMPANY 40600 ANN ARBOR RD EAST SUITE 201 PLYMOUTH, MI 48170          (734) 983-9042 |
| Plaintiff's attorney, bar number, address, and telephone number HOLZMAN LAW, PLLC. CHARLES J. HOLZMAN (P35625) MICHAEL V. KREMPA (P76494) 28366 FRANKLIN RD. SOUTHFIELD, MI 48034 | | Defendant's attorney, bar number, address, and telephone number |

Party in default: Defendant JP Morgan Chase Bank, N.A.

## REQUEST

1. I request the clerk to enter the default of the party named above for failure to plead or otherwise defend as provided by law.

2. The defaulted party is not an infant or incompetent person.

3. ☐ It is unknown whether the defaulted party is in the military service. ☑ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are: (specify)

4. This request is made on my personal knowledge and, if sworn as a witness, I can testify competently to the facts in this request.

I declare under the penalties of perjury that this request has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

_____
Applicant/Attorney signature

Subscribed and sworn to before me on ___10/17/24___
Date

My commission expires on ___5/13/28___

_Samantha Kennedy_
Deputy clerk/Notary public signature
_Samantha Kennedy_
Name (type or print)

Notary public, State of Michigan, County of ___Monroe___ . ☑ Acting in the County of ___Oakland___
☐ This notarial act was performed using an electronic notarization system or a remote electronic notarization platform.

Approved, SCAO
Form MC 07, Rev. 6/22
MCL 32.517, MCL 600.2441, MCL 600.6769, 50 USC 3931, MCR 2.603
Page 1 of 2

Distribute form to:
Court
Applicant
All other parties                    SRA

Default Request and Entry   (6/22)
Page 2 of 2

Case Number  24-08874-CB

NOTE: Default can be entered by a district court
clerk without the request of a party.

**DEFAULT ENTRY**

The default of the party named above for failure to plead or otherwise defend is entered.

_Danelle Beckley_                    OCT 1 7 2024
Court clerk signature and date

Use note: The party who sought the entry of the
default is responsible for serving all parties in
accordance with MCR 2.603(A)(2).

**CERTIFICATE OF MAILING**

I served a copy of this default request and entry on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3). I declare under the penalties of perjury that this certificate of mailing has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

Date                                                    Signature